CRANE *v.* O'CONNOR.

Judgments do not attach to leasehold premises unless where there is posses-
sion in the lesssee (judgment debtor.)

Judgments are not liens in a case where a party has a lease but not the pre-
sent possession and parts with the lease before the time arrives for him to
enter upon the possession.

A LEASE was dated on the twenty-first day of November, *April 22,*
one thousand eight hundred and thirty-nine; but possession *1844.*
under it was not to commence until the first day of May *Lien.*
thereafter, (one thousand eight hundred and forty.) It *Judgment.*
was made in favor of Michael O'Connor for the term of *Leasehold*
twenty-one years. Prior to his getting it, judgments had *premises.*
been docketed against him; but, before he went into posses- *Possession.*
sion, he assigned the lease to the defendant Joseph O'Connor.

The latter, under the direction of the court, had assigned
it to the receiver in the present suit; the court ordered a sale
of such lease; and it had been purchased by Selim Franklin,
whose counsel objected to the title. The receiver asked for
directions; and the question was, whether the judgments
against Michael O'Connor were liens upon the leasehold
premises?

Mr. *E. Ward*, for the receiver.

Mr. *Campbell*, for the purchaser.

THE VICE–CHANCELLOR:—I am of opinion that the judg- *April 22.*
ments against Michael O'Connor did not become liens upon
the leasehold property; and that the purchaser from the re-
ceiver in this cause will get a title free from any claims
which the judgment creditors of Michael O'Connor may
attempt to set up. Until entry and possession under the
lease, Michael O'Connor had not such an interest or estate
as could be bound by judgment. He had an interest which
was assignable, but which, however, was a mere interest
vesting in contract, an *interesse termini* and not an estate

VOL. IV.—52

in lands: Chambers' Landlord and Tenant, 474, 475. Possession, under the lease, was essential to the vesting of an estate so as to be bound by a judgment: *Jackson v. Parker*, 9 Cowen's R. 73. This was so at common law; and by our statute of uses, 1 R. S. 727, § 47, a party must have or be entitled to the actual present possession or he cannot be deemed to have a legal estate in lands. Michael O'Connor parted with the lease before the time arrived for his taking possession under it. He never had possession of the premises; nor did he become entitled to the actual possession. So that he acquired no estate in the lands which could be affected by a judgment against him. The existence of the judgments against Michael O'Connor forms no objection to the title.